**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) **CASE NO: 5:93-CR-00206** |
| | ) |
| **v.** | ) **Judge Dan Aaron Polster** |
| | ) |
| **EDWARD LATIMORE,** | ) **OPINION AND ORDER** |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM**

Before the Court is Defendant Edward Latimore's Motion to Vacate under 28 U.S.C. § 2255 ("Motion"), Doc #: 95. For the following reasons, Latimore's Motion is GRANTED.

## I.    FACTUAL BACKGROUND

On July 1, 1993, Defendant was charged in a five-count indictment as follows: Count 1, Armed Bank Robbery in violation of Title 18 U.S.C. § 2113(a)(d); Count 2, Use of a Firearm in the Commission of a Felony in violation of Title 18 U.S.C. § 924(c); Count 3, Possession of a Firearm by a Convicted Felon in violation of Title 18 U.S.C. § 922(g)(1); Count 4, Assault on a Federal Officer in violation of Title 18 U.S.C. § 111; and Count 5, Use of a Firearm in the Commission of a Felony in violation of Title 18 U.S.C. § 924(c).

On April 28, 1994, Defendant pled guilty pursuant to a plea agreement to Counts 1, 3, 4, and 5. (R.68: Plea Agreement). The terms of the plea agreement included the dismissal of Count 2. (Id.; R. 1: Indictment).

`On April 28, 1994, the Court sentenced Defendant to 262 months incarceration on Counts 1, 3, and 4, and a mandatory consecutive 60 months incarceration on Count 5.

On April 10, 2019, Defendant filed a Motion to Vacate and Set Aside Judgment of Conviction and Sentence Under 28 U.S.C. § 2255, (R. 95: Motion to Vacate, PageID: 37-42), and on April 10, 2019, Defendant filed a Motion to Stay and Hold 28 U.S.C. § 2255 Motion in Abeyance pending the resolution of United States v. Davis, 139 S. Ct. 782 (2019). (R. 96: Motion to Stay, PageID: 43-45). This Court granted the Motion to Stay on April 11, 2019. (R. 97: Order, PageID: 46). The stay was lifted on June 25, 2019. (R. 99, PageID: 51). On August 23, 2019, Government filed a Response in Opposition to Defendant's Motion to Vacate and set Aside Judgment of Conviction and sentence Under 28 U.S.C. § 2255. (R. 102, PageID: 56-60). On August 28, 2019, Defendant filed a reply in support of Motion to Vacate and Set Aside Judgment of Conviction and sentence Under 28 U.S.C. § 2255. (R. 103, PageID: 62-65).

## II. <u>ANALYSIS</u>

A defendant seeking to set aside his sentence pursuant to 28 U.S.C. § 2255 bears the burden of proof by a preponderance of the evidence. *Packett v. United States*, 738 Fed.Appx. 348, 352 (6th Cir.2018), *citing Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Defendant has met his burden.

Defendant claims that his conviction for Count 5, Use of a Firearm in the Commission of a Felony in violation of Title 18 U.S.C. § 924(c), must be vacated. He argues that the predicate offense for this conviction, Count 4, Assault on a Federal Officer in violation of Title 18 U.S.C. § 111 (a), is no longer a crime of violence because the residual clause of 18 U.S.C. § 924(c)(3)(B) has been deemed unconstitutional. *United States v. Davis*, 139 S. Ct. 2319 (June 24,

2019). Doc #: 95. The Government contends that, while the indictment charges Defendant with a violation of 18 U.S.C. § 111 generally, it is clear by looking at the offense conduct, as well as the statutory penalties provided in the presentence investigation report, that Defendant was charged with and convicted of a violation of 18 U.S.C. § 111(b). Doc #: 102.

The issue is straight forward. Did Latimore plead guilty to violating 18 U.S.C. § 111(a), which is not a crime of violence, or 111(b), which is? To determine this, we must look to the language found in Latimore's indictment. Count 5 of the indictment alleged:

> On or about the 3rd day of June, 1993, in the Northern District of Ohio, Eastern Division, EDWARD F. LATIMORE, did knowingly use and carry a firearm, to wit: a 9mm Baretta Semi-automatic pistol, during and in relation to the commission of a crime of violence for which he may be prosecuted in a court of the United States, to wit: Title 18, Section 111, United States Code, as charged in count four of this indictment; in violation of Title 18, Section 924(c)(1), United States Code.

R. 1, Indictment.

The predicate offense, Court 4, provides:

> On or about the 3rd day of June, 1993, in the Northern District of Ohio, Eastern Division, EDWARD F. LATIMORE, did forcibly assault, intimidate, resist, impede, oppose and interfere with Doug Williams, Special Agent of the Federal Bureau of Investigation, who was then engaged in the performance of official duty; in violation of Title 18, Section 111, United States Code.

R. 1, Indictment.

Count 4 charged the elements of section 111(a), without the additional element of "us[ing] a deadly or dangerous weapon" that would allege a violation of section 111(b). *See* 18 U.S.C. § 111 (1993). Because Count 4 alleged a violation of section 111(a), not 111(b), the predicate offense in Count 5 was a violation of section 111(a), not 111(b).

When Latimore pleaded guilty to Count 5, he therefore pleaded guilty to a section 924(c) charged predicated on violating section 111(a), not 111(b). It is black-letter law that a person

may only plead guilty to and be convicted of a felony if it is charged in an indictment or, with a valid indictment waiver, an information. *See* FED. R. CRIM. P. 7. "A guilty plea is an admission of all the *elements* of a *formal criminal charge*." *McCarthy v. United States,* 394 U.S. 459, 466 (1969) (emphasis added). There was no superseding indictment or information.

The Government counters that Latimore's conduct fits squarely within § 111(b), specifically because the offense conduct in the instant case involved Defendant firing his weapon in response to an agent ordering him to surrender. Doc #: 102. Furthermore, the Government cites the presentence investigation report (PSR) which lists the maximum term of imprisonment for a violation of 18 U.S.C. § 111, as ten years. This was the maximum term of imprisonment for a violation of 18 U.S.C. § 111(b) at the time Defendant was charged in 1993. Doc #: 102.

The Court rejects the Government's arguments. First, as stated above, one can only plead guilty to a charge contained in the indictment. Since the language of the indictment does not contain the "use a deadly or dangerous weapon" language that is an essential element of Section 111(b), the generic citation to Section 111 in the Indictment does not encompass Section 111(b).

Second, the PSR is not a *Shepard* document, and the Court therefore cannot rely on it. "[C]ourts are limited to reviewing *Shepard* documents, which include 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Packett* 738 Fed.Appx. at 352 *quoting Shepard v. United States*, 544 U.S. 13, 26.

Third, Latimore's admission in the plea agreement that he shot at a Special Agent has no bearing on whether he was convicted of 18 U.S.C. § 111(b). An indictment must "set forth all

elements necessary to constitute [the] offense intended to be punished." *Ornelas v. United States,* 236 F.2d 392, 393 (9th Cir. 1956) *quoting Evans v. United States*, 153 U.S. 584, 587 (1894). An admission in a plea agreement does not constitute an indictment waiver. *See United States v. Cordoba-Murgas,* 422 F.3d 65, 66 (2d Cir. 2005) (holding that defendant's admission in his plea agreement regarding the amount of drugs possessed may not be used to enhance the penalty beyond the statutory maximum of the drug charge contained in the indictment). Thus, even though Latimore admitted in his plea agreement to using a deadly or dangerous weapon, because the element of using a deadly or dangerous weapon was not set forth in Count 4, the predicate offense to Count 5, the admission has no bearing on whether he was convicted of section 111(b).

Finally, the plea agreement - a *Shepard* document - contradicts the PSR. The plea agreement states that the maximum possible sentence for the charges against Latimore totaled 63 years in prison. R. 68, Plea Agreement at 2. That would be true only if Latimore were charged with violating section 111(a), which then carried a three-year maximum sentence, and not section 111(b).[1]

---

[1] The total maximum sentence on the other four counts was 60 years: 25 years on Count 1 (18 U.S.C. § 2113(a) & (d) (1993)), 5 years on Count 2 (18 U.S.C. § 924(c)(1) (1993)), 10 years on Count 3 (18 U.S.C. §§ 922(g) & 924(a)(2) (1993)), and 20 years on count 5 (18 U.S.C. § 924(c)(1) (1993)).

The Court therefore finds that Latimore pleaded guilty to and was convicted of violating section 111(a), and section 924(c) predicated on violating section 111(a). After the Supreme Court's decision in *Davis*, a violation of section 111(a) is not a crime of violence. The Defendant's Motion to Vacate, **Doc #: 95**, is **GRANTED**.

With Count 5 vacated, Latimore's sentence is reduced to 262 months. As Latimore has already served more than 262 months, the Bureau of Prisons is directed to release him forthwith.

**IT IS SO ORDERED.**

*s/Dan Aaron Polster  9/6/19*
**Dan Aaron Polster**
**United States District Judge**